UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| M. BRANDON DEMARCO and LANA DEMARCO, individuals,<br><br>Plaintiffs,<br><br>v.<br><br>NABORS WELL SERVICES CO., a Delaware corporation, POOL WELL SERVICES, CO., a Delaware corporation, C&J ENERGY SERVICES, INC., a Bermuda corporation, MATTHEW L. CLARK, an individual, and DOES 1 THROUGH 10 INCLUSIVE,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' SHORT FORM DISCOVERY MOTION (DOC. NO. 90)**<br><br>Case No. 2:16-cv-01242<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiffs M. Brandon DeMarco and Lana DeMarco brought this personal injury action against Defendants, alleging Mr. DeMarco was severely injured in a motor vehicle accident caused by Defendants. (*See* Compl., Doc. No. 2-1.) Now before the court is Defendants' Short Form Discovery Motion ("Mot.," Doc. No. 90), seeking to require Mr. DeMarco to undergo physical and mental examinations under Rule 35 of the Federal Rules of Civil Procedure which are not recorded. Plaintiffs do not dispute the Rule 35 examinations should occur,[1] but they contend the examinations should be video recorded. (Opp'n 2, Doc. No. 93.) The court held a hearing on the motion on October 13, 2021. (*See* Doc. No. 94.) For the reasons stated at the hearing and explained below, the court GRANTS Defendants' motion.

---

[1] Plaintiffs' counsel conceded at the hearing that Mr. DeMarco's physical and mental condition is in controversy and good cause exists for the examinations.

1

Rule 35 does not address whether physical and mental examinations may be recorded. Courts considering this issue generally permit the recording of Rule 35 examinations only where "special circumstances" are shown. *Ashike v. Crane*, No. 2:12-cv-11, 2013 WL 12140955, at *2 (D. Utah May 31, 2013) (unpublished). The party seeking to record the examination has the burden to show special circumstances warrant recording. *Id.*

Here, Plaintiffs argue the examinations should be recorded because Mr. DeMarco has a severe brain injury and compromised cognitive capacity. (Opp'n 2, Doc. No. 93.) However, Plaintiffs presented no evidence supporting their assertion that Mr. DeMarco's cognitive capacity is compromised. And Plaintiffs do not argue Mr. DeMarco will be unable to communicate with counsel regarding what occurs during the examinations. Without such evidence, Plaintiffs have not met their burden to demonstrate special circumstances warrant recording the examinations.[2] *See Ashike*, 2013 WL 12140955, at *2 (finding no special circumstances where "Plaintiffs [had] not demonstrated to the Court that they would be unable to communicate adequately with counsel after the examinations have been conducted regarding the nature of the questions asked by [the expert] and their responses"); *cf. Maldonado v. Union Pac. R.R. Co.*, No. 09–1187–EFM, 2011 WL 841432, at *3 (D. Kan. Mar. 8, 2011) (unpublished) (permitting recording of a Rule 35 examination where, based on expert reports and the fact that the plaintiff was in a neurological rehabilitation facility, "there was evidence that the plaintiff's memory or other cognitive abilities were decreased, thus impairing his ability to communicate to his counsel what occurred during the examination").

---

[2] At the hearing, Plaintiffs' counsel represented that evidence of Mr. DeMarco's cognitive impairment exists. Because no evidence was presented with the briefing, the court does not consider this representation in ruling on this motion. Plaintiffs may file a new motion if special circumstances warrant recording future examinations.

Plaintiffs' reliance on Utah state court rules and a Massachusetts state court case[3] is unpersuasive because these authorities do not address the applicable standards from federal case law for permitting the recording of examinations under Rule 35 of the Federal Rules of Civil Procedure.

For these reasons, the court GRANTS Defendants' motion and ORDERS that Plaintiffs are not entitled to record the Rule 35 examinations of Mr. DeMarco.

DATED this 14th day of October, 2021.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[3] Plaintiffs cite Rule 35 of the Utah Rules of Civil Procedure and *Hepburn v. Barr & Barr*, No. 05–0039E, 2006 WL 1711849 (Mass. Super. Ct. June 16, 2006) (unpublished).