UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| M. BRANDON DEMARCO and LANA DEMARCO, <br><br>          Plaintiffs, <br><br> v. <br><br> MATTHEW L. CLARK and DOES 1 THROUGH 10 INCLUSIVE, <br><br>          Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' SHORT FORM DISCOVERY MOTION (DOC. NO. 96)** <br><br><br> Case No. 2:16-cv-01242 <br><br> Judge Howard C. Nielson, Jr. <br><br> Magistrate Judge Daphne A. Oberg |

In this personal injury action, Plaintiffs M. Brandon DeMarco and Lana DeMarco ("the DeMarcos") allege Mr. DeMarco was severely injured in a 2012 motor vehicle accident caused by Defendant Matthew L. Clark. (*See* Compl., Doc. No. 2-1.) Before the court is Plaintiffs' Expedited Short Form Discovery Motion, ("Mot.," Doc. No. 96), seeking to compel Mr. Clark to permit video recording of the examination of Mr. DeMarco by Mr. Clark's vocational rehabilitation specialist, Aubrey Corwin, under Rule 35 of the Federal Rules of Civil Procedure. Based on the parties' briefing,[1] and for the reasons set forth below, the court grants the motion.

BACKGROUND

Previously, Mr. Clark filed a motion asking the court to order Mr. DeMarco to undergo unrecorded Rule 35 examinations. (Def.'s Expedited Short Form Disc. Mot. 1–2, Doc. No. 90.) The DeMarcos argued the examinations should be video recorded, based on their assertion that Mr. DeMarco has a severe brain injury with compromised cognitive capacity. (Pls.' Resp. to

---

[1] Pursuant to Local Civil Rule 7-1, the court concludes oral argument is unnecessary and rules on the motion based on the written memoranda. *See* DUCivR 7-1(f).

Def.'s Expedited Short Form Disc. Mot. 2, Doc. No. 93.)  After a hearing, the court granted Mr. Clark's motion, finding the DeMarcos failed to show special circumstances warranted recording the examinations, because they presented no evidence supporting their claim of Mr. DeMarco's cognitive impairment.  (Mem. Dec. & Order Granting Defs.' Short Form Disc. Mot. 2–3, Doc. No. 95.)  However, the court stated the DeMarcos could "file a new motion if special circumstances warrant recording future examinations."  (*Id.* at 2 n.2.)  The DeMarcos then filed the motion before the court.

In their motion, the DeMarcos argue Mr. DeMarco's traumatic brain injury, and its effects, constitute special circumstances justifying the recording of Aubrey Corwin's examination.  (Mot. 2–3, Doc. No. 96.)  The DeMarcos contend Mr. DeMarco's brain injury affects his memory and would impair his ability to communicate with counsel about what occurred during the examination.  (*Id.*)  In support of this argument, the DeMarcos presented a letter from Mr. DeMarco's treating doctor, indicating Mr. DeMarco has a "moderate-to-severe traumatic brain injury with cognitive deficits including difficulty concentrating, short term memory problems, and extensive mental fatigue," and "his memory and comprehension is diminished."  (Ex. A to Mot., Letter from Judith L. Gooch, MD (Oct. 13, 2021), Doc. No. 96-1.)  The doctor, who has treated Mr. DeMarco since 2014, opined that Mr. DeMarco "may not fully understand or recall the specifics of any conversations or testing that is done in the context of an adversarial examination."  (*Id.*)  The DeMarcos also presented a neuropsychological consultation report from 2014, finding Mr. DeMarco had "residual cognitive, emotional and neurobehavioral deficits" as a result of a "moderate-to-severe traumatic brain injury," and noting "overall reduced memory functioning."  (Ex. B to Mot., Neuropsychological Consultation Report of Erin D. Bigler, Ph.D. ("Bigler Report") 5, Doc. No. 96-2.)

Mr. Clark argues the DeMarcos failed to show a recording is necessary because this same 2014 neuropsychological report found Mr. DeMarco's "expressive language appeared to be in normal limits" and his "cognitive processes [to be] logical and appropriate." (Bigler Report 3, Doc. No. 96-2; Opp'n to Pls.' Short Form Dis. Mot. ("Opp'n") 2, Doc. No. 97.)  Mr. Clark also claims the DeMarcos have not provided any evidence the examination will be adversarial. (Opp'n 3, Doc. No. 97.)  Finally, Mr. Clark argues he will be unfairly prejudiced if Aubrey Corwin's examination is recorded because Mr. Clark did not have the opportunity to record or verify the examinations by the DeMarcos' experts.  (*Id.*)

ANALYSIS

Rule 35 does not address whether physical and mental examinations may be recorded. Courts considering this issue generally permit the recording of Rule 35 examinations only where "special circumstances" are shown. *Ashike v. Mullen Crane & Transp.*, No. 2:12-cv-11, 2013 U.S. Dist. LEXIS 196403, at *4 (D. Utah May 31, 2013) (unpublished).  The party seeking to record the examination has the burden to show special circumstances warrant recording. *See id.*

The DeMarcos have met their burden to demonstrate special circumstances warrant recording Aubrey Corwin's examination of Mr. DeMarco.  The DeMarcos presented evidence from two doctors finding Mr. DeMarco has cognitive deficits and short-term memory impairment as a result of his traumatic brain injury.  This evidence supports the DeMarcos' assertion that Mr. DeMarco has a diminished ability to communicate with counsel about what occurs during the examination.  Indeed, Mr. DeMarco's treating physician opined as much, based on a treatment relationship of more than six years.  In *Maldonado v. Union Pacific Railroad Company*, the court permitted the recording of a Rule 35 examination under similar circumstances.  No. 09–1187–EFM, 2011 U.S. Dist. LEXIS 23507, at *9–10 (D. Kan. Mar. 8,

2011) (unpublished).  In *Maldonado*, the plaintiff had suffered a traumatic brain injury and presented "evidence that [his] memory or other cognitive abilities were decreased, thus impairing his ability to communicate to his counsel what occurred during the examination." *Id.* at *11. Similarly, here, the evidence of Mr. DeMarco's cognitive impairment and diminished ability to communicate what occurs during the examination is sufficient to justify a recording in this case.

The cases cited by Mr. Clark requiring a showing of bias or impropriety by the examiner are inapplicable because none involved a traumatic brain injury or cognitive impairment limiting a party's ability to communicate what occurred during the examination.  *See Barge v. O'Malley's Inc.*, No. 20-cv-02035, 2021 U.S. Dist. LEXIS 45629 (D. Kan. Mar. 11, 2021) (unpublished); *Looney v. Lott*, No. CIV-11-410, 2012 U.S. Dist. LEXIS 116690 (E.D. Okla. Aug. 20, 2012) (unpublished); *Greenhorn v. Marriott Int'l, Inc.*, 216 F.R.D. 649 (D. Kan. 2003).  Mr. Clark's argument that he will be prejudiced is also unpersuasive where he has already permitted another defense expert's examination of Mr. DeMarco to be recorded.  (*See* Pls.' Resp. to Def.'s Expedited Short Form Disc. Mot. 2, Doc. No. 93.)  Moreover, Mr. Clark's inability to record the examinations by the DeMarcos' experts does not implicate the same concerns: Mr. DeMarco's limited capacity to understand and communicate with his counsel about what occurs.  Based on the evidence presented, the court is not convinced any prejudice to Mr. Clark outweighs the DeMarcos' interest in recording the examination.  *Cf. Maldonado*, 2011 U.S. Dist. LEXIS 23507, at *12 (rejecting the argument that allowing a recording of the defense expert's examination was unjust because the plaintiff's experts' examinations were not recorded).

CONCLUSION

For these reasons, the court GRANTS the DeMarcos' motion and ORDERS that Aubrey

Corwin's Rule 35 examination of Mr. DeMarco be video recorded.

DATED this 26th day of October, 2021.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge